IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CLARENCE McCORD, III, | : |
| Petitioner, | : |
| VS. | : NO. 3:21-CV-000126-CDL-CHW |
| WARDEN ANNETTIA TOBY, | : |
| Respondent. | : |

**ORDER ON PETITIONER'S APPLICATION TO APPEAL**
***IN FORMA PAUPERIS***

*Pro se* Petitioner Clarence McCord, III has filed a Notice of Appeal (ECF No. 21) and a Motion to Proceed *in forma pauperis* on Appeal (ECF No. 25).

## I. Procedural History

On November 2, 2022, the United States Magistrate Judge issued a Report and Recommendation which recommended that Petitioner's Petition for Habeas Corpus be denied. ECF NO. 14. It was further recommended that the Court deny a certificate of appealability. *Id*. at 9.

Upon consideration of the full record in this case and the Magistrate Judge's Report and Recommendation (ECF No. 14), the undersigned agreed that dismissal of Petitioner's complaint was proper and that he be denied a certificate of appealability. *See* ECF No. 18. An Order Adopting the United States Magistrate Judge's Recommendation was filed on March 1, 2023. *Id*. Subsequently, Judgment was entered and Petitioner's action was

dismissed.  ECF No. 19.

Petitioner seeks to appeal the denial of his Petition for Habeas Corpus.  ECF No. 21.  Petitioner has also filed a "Motion for Permission to Appeal In Forma Pauperis and Affidavit" in which he requests leave to appeal *in forma pauperis*.  ECF No. 25.  The Court enters the following Order as to Petitioner's Motion for Leave to Appeal *in forma pauperis*.

**II.    Analysis**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.  28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis

must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. Here, Petitioner has submitted his motion to proceed *in forma pauperis* on appeal utilizing two different standard forms of the district court. *See* ECF No. 25. One of these standard forms completed by the Petitioner states that "[i]f you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts". *Id*. at 11. The other standard form utilized by the Petitioner repeats this instruction when it states that "[i]f you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts". ECF No. 25-1 at 2. Nonetheless, Petitioner did not attach a certified account statement as he was unequivocally instructed to do. Moreover, when Petitioner initiated this action in November 2021, he

was denied leave to proceed *in forma pauperis* because the documentation he submitted at that time showed that he had regular deposits into his prison account. *See* ECF Nos. 2 and 6. For the above reasons, this Court has no valid basis to conclude that Petitioner is unable to pay the $505.00 appellate filing fee.

Next, the Court must determine if the Petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C). Petitioner has submitted a lengthy statement of his basis for appeal in his notice of appeal (ECF No. 21) and his motion to proceed *in forma pauperis* on appeal (ECF No. 25) which mirror the issues raised in his petition for habeas corpus (ECF No. 11). This Court has conducted an independent review of the issues addressed in the United State Magistrate Judge's Order and Recommendations (ECF No. 14), the Court's Order

regarding the United States Magistrate Judge's Recommendation (ECF No. 18), the Petitioner's Notice of Appeal (ECF No. 21) and Petitioner's issue statement contained within his motion to appeal *in forma pauperis* (ECF No. 25).  Based upon a thorough inquiry, the Court concludes that Petitioner's appeal is frivolous.  *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff).  The appeal, therefore, is not brought in good faith.  Petitioner has raised no issues with arguable merit.

For all the above reasons, Petitioner's application to appeal *in forma pauperis* (ECF No. 25) is **DENIED**.

### III.   Conclusion

Because Petitioner's application to appeal *in forma pauperis* is **DENIED**, he must pay the entire $505 appellate filing fee if he wishes to proceed with his appeal.  Checks should be made payable to "Clerk, U.S. District Court."

**SO ORDERED**, this **14th** day of **April, 2023**.

_S/ Clay D. Land_
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT